IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**AMBER VAUGHN**                                                                                    **PLAINTIFF**

**V.**                                  **CASE NO. 3:18-CV-03053**

**JASON DAY, Administrator, Boone**
**County Detention Center; and BOONE**
**COUNTY DETENTION CENTER**                                                 **DEFENDANTS**

## OPINION

Plaintiff Amber Vaughn filed this action pursuant to 42 U.S.C. §1983. She proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.  BACKGROUND

According to the allegations of the Complaint (Doc. 2), on April 13-15, 2018, Plaintiff was refused sanitary pads, which were sold for ten cents each, because she did not have any money in her account. Officer Honeyman, who is not a named Defendant, advised Plaintiff that she had to pay for the sanitary pads. Plaintiff alleges this was "demoralizing," "degrading," and "inhumane," to force her to bleed on herself.

On April 16, 2018, Plaintiff was told that the jail would provide free feminine hygiene products. The Sheriff indicated he would get the issue resolved. At that point, however, Plaintiff alleges her menstrual cycle was over.

1

As relief, Plaintiff seeks monetary damages "due to the [extreme] humiliation." She also asks that the policy be officially changed, as sanitary pads are a necessity.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment.[1] U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851

---

[1] Plaintiff is a pretrial detainee. However, the Eighth Circuit has consistently applied the Eighth Amendment to conditions of confinement claims brought by pretrial detainees. *See, e.g., Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548 (8th Cir. 2010) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment") (internal quotation marks and citation omitted).

3

(1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Prison condition claims include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

To state an Eighth Amendment claim, the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the detention facility that created a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994) (quoting *Wilson v. Sieter*, 501 U.S. 294 (1991)).

The deliberate indifference standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 2 (1992) (finding that the objective component is "contextual and responsive to contemporary standards of decency") (quotation omitted). To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Brown v. Nix*, 33 F.3d 951, 954-55 (8th Cir. 1994). The

4

subjective component "requires proof of a reckless disregard of a known risk." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (citation omitted).

In this case, Plaintiff's only allegation is that she was forced to go without sanitary pads for a period of three days. Plaintiff does not allege that she was routinely denied sanitary pads, that she lacked access to other hygiene supplies, or that there was an immediate danger to her health.

In general, courts have held that the temporary denial of bedding, exercise, clothes, showers, or hygiene products is not unconstitutional. *See, e.g., O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-8 (8th Cir. 1996) (four days without underwear, blankets, mattress, exercise and visits not a constitutional violation); *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation); *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only twenty-four hours). In this case, after Plaintiff was denied sanitary pads for a three-day period, she was informed that she would be provided with sanitary pads and that the issue had been resolved. There is no argument that the Plaintiff was regularly or routinely denied sanitary napkins. *See, e.g., Dawson v. Kendrick*, 527 F. Supp. 1252, 1288-89 (D.C. W. Va. 1981) (regular denial of hygiene materials including sanitary napkins for female prisoners may constitute an Eighth Amendment violation). No plausible constitutional violation has been stated.

Further, Plaintiff does not mention Jason Day's involvement in the alleged denial of the sanitary napkins. "Liability under section 1983 requires a causal link to, and

5

direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [her] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation omitted). Plaintiff has made no such allegations. In fact, Jason Day is not mentioned in the body of the Complaint.

Finally, the Boone County Detention Center is not a person subject to suit under § 1983. *See, e.g., Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a legal entity subject to suit under § 1983).

## IV. CONCLUSION

No plausible claims are stated. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

The dismissal of this case will count as a strike under 28 U.S.C. § 1915(g). The **Clerk** is directed to put a § 1915(g) strike flag on the case.

**IT IS SO ORDERED** on this ___19th___ day of June, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6